[No. 7,194.—Department Two.]

### E. J. BENEDICT ET AL. v. J. W. PEPPERS ET AL.

FORECLOSURE OF MORTGAGE—PURCHASER FROM MORTGAGOR.—C. having
a contract to purchase land, assigned it to P., who at the same time ex-
ecuted a mortgage thereon to secure part of the purchase money. P. ex-
ecuted a deed of the premises to W. M., but did not in terms assign the
contract, and W. M. assigned all his right, title, and interest in the land
to E. M. After this assignment W. M. paid the balance of the purchase
money, and at his request, the vendor made a deed of the premises to
E. M. In an action to foreclose a mortgage by the assignee of C.: *Held*,
That the interest of E. M. was subject to the mortgage.

APPEAL from a judgment for the plaintiffs in the Superior
Court of Tulare County. CROSS, J.

" The Court found, that on the 29th day of July, 1878, the
said contract, executed by the Western Development Com-
pany to A. B. Crowell, as aforesaid, with the assignments
from Crowell to Camp and from Camp to Peppers indorsed
thereon, and the said deed from Peppers to Mann, and the
said conveyance or assignment from Mann to Elizabeth Maze,
were surrendered and delivered up to said Western Develop-
ment Company, and the balance due said company on said
lots paid; and thereupon and in pursuance thereof, and by

virtue of the aforesaid several assignments and transfers of said contract, said Western Development Company, on said 29th day of July, 1878, by deed of bargain and sale duly executed and dated on that day, conveyed said lots to said Elizabeth Maze."

*E. J. Edwards*, for Appellants.

The appellant, Elizabeth Maze, did not deraign her title through Peppers, the mortgagor; but she acquired her title direct from the Western Development Company, who held the legal title to the lots of land in question. She held adversely to the mortgagor, and had a superior and paramount title. She was not a party to the mortgage; and there being no privity between her and the mortgagee, the latter cannot make her a party defendant for the purpose of litigating, and trying her adverse title in a foreclosure suit. (Jones on Mortgages, 1440; *San Francisco* v. *Lawton,* 18 Cal. 465; *Croghan* v. *Minor and Spence,* 53 id. 15; *Marlow* v. *Barlew,* id. 456.)

*Atwell & Bradley*, for Respondents.

In *Tefft* v. *Munson et al.,* 57 N. Y. 97, it was held that privies in estate and in law are estopped from questioning that at the date of the mortgage the mortgagor had title. (See, also, *Kirkaldie* v. *Larrabee,* 31 Cal. 455; *Henderson* v. *Grammar,* 53 id. 649; 5 Wait's Practice, 793–816, and authorities cited; *Clark* v. *Baker,* 14 Cal. 612; *Lent* v. *Morrill,* 25 id. 500; *The Vallejo Land Association* v. *Vierra,* 48 id. 579; *Christie* v. *Dana,* 34 id. 549; *Hyman* v. *Lowell,* 23 id. 106; *Burton* v. *Lies,* 21 id. 87; *Sherman* v, *McCarthy,* 57 Cal. 507.)

MYRICK, J.:

This is an action to foreclose a mortgage made by the defendant, Peppers. William Maze and Elizabeth Maze are joined with Peppers as defendants. The land mortgaged was covered by the Congressional grant of 1866 to the S. P. R. R. Co., which corporation executed to the Western Development Company a contract for the conveyance of the land. The

latter company executed a contract for the conveyance of the land, which contract came to one Camp by assignment March 27th, 1877. On the 30th of May, 1877, Peppers bargained with Camp for the purchase of the land, went into possession, and on that day executed the mortgage in question, to secure payment of a portion of the purchase money. This mortgage was recorded May 31st. On the 31st of May Camp assigned his contract to Peppers. December 18th, 1877, Peppers executed a deed of the premises to one Mann, but did not in terms assign the contract. There is in the transcript an assignment of the contract by Mann to the defendant, Elizabeth Maze. ·The last payment to the W. D. Co. was made July 26th, 1878, which was after the date of the assignment to Mrs. Maze, which payment was made by Mann. July 29th, 1878, the W. D. Co., having received full payment, and having acquired legal title through the S. P. R. R. Co., executed a deed of the premises to Mrs. Maze at the request of Mann, and she now claims title under that deed. Neither the contract, nor any assignment thereof, was recorded.

The Court found: 6. That on the 18th day of July, 1878, said Washington Mann sold, assigned, transferred and set over to one Elizabeth Maze, one of the defendants herein, all of his right, title, and interest in and to the aforesaid lots;" and as conclusion of law, "that the interest in or claim upon said mortgaged premises of the defendants, William Maze and Elizabeth Maze, is subsequent to and subject to the lien of the plaintiff's mortgage," and gave judgment of foreclosure accordingly.

The only interest or title which Mrs. Maze has in or to the premises is under the title acquired from the W. D. Co., by virtue of the contract and deed. She claims to hold under the deed alone, and that she is not bound by the mortgage executed by Peppers, the contract and assignments not having been recorded; and she also claims that there is no evidence that she ever received assignment of the contract. It is sufficient to say that she was not a purchaser for value, there being no evidence, except the recital in the assignment to her of a consideration of five dollars, that she ever paid anything. The fact, therefore, that the contract and assign-

ments were not recorded, is immaterial. She took the deed from the W. D. Co., under Mann, and is, therefore, as much bound as he would have been. No error appears.

Judgment affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.